UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UTU UTU GWAITU PAIUTE TRIBE OF THE BENTON PAIUTE RESERVATION, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

Defendants.

No. 2:26-cv-02323-DAD-JDP

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND MOTION TO SHORTEN TIME AS MOOT

(Doc. No. 14)

This matter is before the court on plaintiffs' motion for preliminary injunction and motion to shorten time. (Doc. No. 14.) Pursuant to Local Rule 230(g), the pending motions are submitted without oral argument. Accordingly, the hearing currently noticed for July 16, 2026 is vacated.

On June 29, 2026, plaintiffs—the Utu Utu Gwaitu Paiute Tribe of the Benton Paiute Reservation, Tribal Chairman Shane Saulque, and Tribal Historic Preservation Officer and Cultural Monitor Ronda Kauk—filed their complaint initiating this action against defendants—the United States Department of the Interior, the United States Bureau of Land Management ("BLM"), Secretary of the Interior Douglas Burgum, BLM Director Steve Pearce, the United States Department of Agriculture, Secretary of Agriculture Brooke L. Rollins, the United States

Forest Service ("USFS"), Mono Lake District Ranger for Inyo National Forest Stephanie Heller, and Acting Field Manager of BLM Bishop Field Office Heather Stone. (Doc. No. 1.)

On July 2, 2026, plaintiffs filed a motion for temporary restraining order seeking to enjoin defendants from proceeding with the scheduled removal of wild horses from the Montgomery Pass Wild Horse Territory. (Doc. No. 4.) The parties briefed the motion in full (Doc. Nos. 8, 10, 12), and on July 6, 2026 came before the court for a hearing on the motion (Doc. No. 11). On July 7, 2026, the court denied plaintiffs' motion for temporary restraining order. (Doc. No. 13.) The wild horse gather was scheduled to begin the following day, on July 8, 2026. (Doc. No. 8 at 8 at n.4.)

On July 10, 2026 at 5 p.m., plaintiffs filed the pending motion for preliminary injunction and to shorten time with respect to that motion. (Doc. No. 14.) Plaintiffs' motion for preliminary injunction requests that the court enjoin defendants "from continuing or resuming removal of wild horses from the Montgomery Pass Wild Horse Territory[.]" (*Id.* at 2.) Plaintiffs' motion to shorten time requests a compressed briefing schedule and an early July 16, 2026 hearing date on the motion for preliminary injunction. (*Id.*)

On the same day plaintiffs filed their motion for preliminary injunction and motion to shorten time, Friday, July 10, 2026, the court directed defendants to file their response to plaintiffs' motion to shorten time by Monday, July 13, 2026 at 12 p.m. (Doc. No. 15.) On the morning of July 13, 2026, defendants filed a response to the motion to shorten time. (Doc. No. 16.) Defendants attached thereto evidence establishing that the gather of wild horses from the Montgomery Pass Wild Horse Territory scheduled for July 8, 2026 was completed in three days, concluding on July 10, 2026. (Doc. No. 16-1 at 3.) Counsel for defendants further represented that defendants BLM and USFS "do not currently have any further gather operations scheduled." (Doc. No. 16 at 1.) Defendants argue that because the wild horse gather has concluded, plaintiffs' motion to shorten time for briefing and their underlying motion for a preliminary injunction are now moot. (*Id.* at 2.)

Because the only relief plaintiffs request in their motion for preliminary injunction—stopping and enjoining the gather of wild horses—is no longer available because the wild horse

gather has concluded, the court finds that plaintiffs' motion for preliminary injunction has been rendered moot. *In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011) ("We hold only that this interlocutory appeal from the denial of a preliminary injunction is moot because the [wild horse] roundup sought to be enjoined has taken place."); *Confederated Tribes of the Coleville Rsrv. v. Nat'l Oceanic & Atmospheric Admin.*, No. 2:26-cv-00061-SAB, 2026 WL 1135882, at *1 (E.D. Wash. Apr. 27, 2026) ("A request for injunctive relief is moot when a court can no longer grant any effective relief sought in the injunction request."). Further, no exception to the mootness doctrine applies here.[1]

Accordingly, the court will deny plaintiffs' motion for preliminary injunction as having been rendered moot. Plaintiffs' motion to shorten time will similarly be denied as having been rendered moot by the court's ruling on the underlying motion for preliminary injunction. *Dunn v. Fisher*, No. 1:10-cv-01099-SKO (PC), 2011 WL 489596, at *2 (E.D. Cal. Feb. 7, 2011) ("Since this order resolves Plaintiff's motion for a preliminary injunction, Plaintiff's motion to 'shorten time' will be denied as moot.").

For the reasons explained above, plaintiffs' motion for preliminary injunction and motion to shorten time (Doc. No. 14) are DENIED as having been rendered moot.

IT IS SO ORDERED.

Dated: **July 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] The court notes that the "capable-of-repetition-yet-evading-review exception" to mootness does not apply here, where plaintiffs could have obtained review if they had filed suit further in advance of the wild horse gather, which they knew was being planned as early as October 2023. *Smith v. Helzer*, 95 F.4th 1207, 1213 (9th Cir.) (reserving this exception "for extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again") (citation omitted), *cert. denied sub nom. Smith v. Stillie*, 145 S. Ct. 567 (2024).