Young Kang
Department of Justice
Energy & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 322-8378
Email: young.kang@usdoj.gov

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

UTU UTU GWAITU PAIUTE TRIBE OF THE BENTON PAIUTE RESERVATION, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR, *et al.*,

Defendants.

CASE NO. 2:26-cv-02323-DAD-JDP

**NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS**

DATE: April 19, 2027
TIME: 1:30pm
JUDGE: Hon. Dale A. Drozd

PLEASE TAKE NOTICE that on April 19, 2027, at 1:30pm, or at another time designated by the Court, Defendants the United States Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; United States Bureau of Land Management; Steve Pearce, in his official capacity as Director of the Bureau of Land Management; United States Department of Agriculture; Brooke Rollins, in her official capacity as United States Secretary of Agriculture; United States Forest Service; Stephanie Heller, in her official capacity as Mono Lake District Ranger, Inyo Forest National Forest; and Heather Stone, in her official capacity as Acting Field Manager, BLM Bishop Field Office, ("Federal Defendants") will and hereby do move to partially dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion will be heard by the Honorable Dale A. Drozd, United States District Judge, presiding.

Plaintiffs Utu Utu Gwaitu Paiute Tribe of the Benton Paiute Reservation; Shane Saulque, Tribal Chairman; and Ronda Kauk sue Federal Defendants under 5 U.S.C. § 706(2)(A) and (D) for alleged violations of (1) Section 106 of the National Historic Preservation Act, (2) federal tribal trust duties, and (3) a standalone claim under 5 U.S.C. § 706(2)(A). Plaintiffs' claims arise out of a 2025 decision to

remove excess wild horses outside the Montgomery Pass Wild Horse Territory.

Count two of Plaintiffs' lawsuit should be dismissed. The amended complaint fails to identify a trust corpus held by the United States for the benefit of the Tribe, nor a treaty, statute, or regulation establishing a specific trust duty. Plaintiffs' complaint lacks the well-pleaded factual allegations necessary to state a plausible claim for relief on this claim and should be dismissed under Rule 12(b)(6).

Undersigned counsel hereby certifies that meet and confer efforts have been exhausted. On November 10, 2026, Federal Defendants contacted Plaintiffs' counsel via email to initiate the meet and confer process and provide information on Federal Defendants' motion. The parties met via video conference on November 18, 2026, and discussed the substance of the motion, possible resolutions, and procedural matters associated with this motion. The parties resolved the procedural matters associated with this motion and agreed that Plaintiffs shall file their response to the motion by January 15, 2027, Federal Defendants shall have fourteen days to file their reply, and to request April 19, 2027, at 1:30pm, as the date and time for oral argument. The parties did not resolve any substantive issues related to the motion.

This Motion is based on the Notice of Motion, the Memorandum in Support, and any other materials that the Court wishes to consider.

Dated: November 20, 2026 Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division

*<u>/s/ Young Kang</u>*
YOUNG KANG
*Trial Attorney*
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 322-8378
Facsimile: (202) 305-0275
Email: young.kang@usdoj.gov

*Counsel for the Defendants*

Young Kang
Department of Justice
Energy & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 322-8378
Email: young.kang@usdoj.gov

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UTU UTU GWAITU PAIUTE TRIBE OF THE BENTON PAIUTE RESERVATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>*Defendants.* | Case No. 2:26-cv-02323-DAD-JDP |

**THE UNITED STATES' MEMORANDUM SUPPORTING MOTION TO PARTIALLY DISMISS PURSUANT TO RULE 12(b)(6)**

## I. INTRODUCTION

Plaintiffs, the Utu Utu Gwaitu Paiute Tribe of the Benton Paiute Reservation, Shane Saulque, and Ronda Kauk, bring three causes of action. One of those counts brings a claim that the Federal Defendants violated alleged tribal trust duties owed to the Tribe. But the Tribe fails to identify any trust property at issue here, and also fail to identify the text of a treaty, statute, or regulation creating an enforceable trust duty with respect to that property that Federal Defendants have violated. This Court should dismiss count two of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. BACKGROUND

This case concerns a 2025 decision to remove horses from areas outside the Montgomery Pass Wild Horse Territory ("Territory"). Pls.' First Amended Compl. for Declaratory and

Injunctive Relief ("Pls.' Compl.") ¶ 2, Dkt. No. 22. The territory is jointly managed by the United States Forest Service ("USFS") and the Bureau of Land Management ("BLM") (collectively, the "Agencies"). The action the Agencies authorized, however, was only to remove wild horses from the areas outside the Territory, where those horses have moved over time. Plaintiff does not allege that either horses, or the land in question, are trust property held by the United States for the benefit of the Tribe.

The Agencies proposed removing excess wild horses n November 7, 2023, as required by the Wild Horses and Burros Act ("WHBA"). *Id.* ¶ 6. On August 8, 2024, the Agencies published their Final Environmental Assessment. *Id.* On March 7, 2025, the Agencies published their Finding of No Significant Impact ("FONSI") and Decision Record ("DR") approving the removal of the excess wild horses. *Id.*

In response to a wild horse gather and removal scheduled to begin on July 8, 2026, Plaintiffs, the Utu Utu Gwaitu Paiute Tribe of the Benton Paiute Reservation ("Benton Paiute Tribe"), Shane Saulque and Ronda Kauk, sued the Agencies on June 29, 2026. *See* Pls.' Compl. for Declaratory and Injunctive Relief, Dkt. No. 1. The Benton Paiute Tribe's reservation is located within the removal area south of the Territory. Pls.' Compl. ¶ 11. Plaintiffs' complaint alleges that the Agencies violated their tribal consultation rights in approving the wild horse removal. *Id.* ¶ 4. They bring three claims under the Administrative Procedure Act ("APA"), alleging that USFS and BLM violated the National Historic Preservation Act ("NHPA") and tribal trust duties, and a standalone APA claim. *Id.* ¶¶ 84-101.

On July 2, 2026, Plaintiffs moved for a temporary restraining order to enjoin the July 8 gather. Order Denying Pls.' Mot. for Temporary Restraining Order at 5, Dkt. No. 13. The Court denied Plaintiffs' motion on July 7, 2026, concluding that "plaintiffs have failed to show that they are likely to succeed on the merits of their § 106 claim, or that serious questions going to the merits of that claim have been raised."[1] *Id.* at 9. On July 10, Plaintiffs then filed a motion for

---

[1] During the TRO proceedings, the parties presented evidence bearing on Plaintiffs' count one, which alleges a violation of Section 106 of the National Historic Preservation Act. Even though the Court found Plaintiffs are unlikely to succeed on the merits of that claim, Defendants do not move for dismissal of that count because the exhibits considered at the TRO stage are matters

preliminary injunction and to shorten the time for briefing that motion, asking the Court to enjoin the gather that had started on July 8. Order Denying Pls.' Mot. for Prelim. Inj. and Mot. to Shorten Time as Moot at 2, Dkt. No. 17. The Agencies completed the gather on July 10, so on July 14, the Court denied Plaintiffs' motion as moot. *Id.* at 3.

In response to Plaintiffs' original complaint, the United States filed a motion to partially dismiss for failure to state a claim pursuant to Rule 12(b)(6). United States' Notice of Mot. and Partial Mot. to Dismiss, Dkt. No. 18. The Parties agreed to a stipulation allowing Plaintiffs to amend their complaint to remove the claims based on Executive Orders and a Joint Secretarial Order, and to amend their allegations regarding their tribal trust claim. Joint Stipulation and [Proposed] Order Granting Leave to File First Amended Complaint, Vacating Hearing on Partial Motion to Dismiss (Dkt. 18), and Setting Response Deadline, Dkt. No. 19. The stipulation also stated that upon filing the amended complaint, the United States' then-pending motion to dismiss would be rendered moot. *Id.* at ¶ 5. Plaintiffs then filed their First Amended Complaint on October 21, 2026. Pls.' Compl. The United States files this motion to dismiss in response.

## III. STANDARD OF REVIEW

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate when a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants have committed the violation alleged. A claim may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *overruled on other grounds*, *Twombly*, 550 U.S. 544. While a court "must take all of the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, it is "not bound to accept as true a legal

---

outside of the pleadings and so cannot be considered in a Rule 12(b)(6) motion. If the Court would like to consider that evidence and address Plaintiffs' count one, the Court could treat Defendants' motion as one under Rule 56 and consider that evidence if Plaintiffs are given an opportunity to present responsive material. *See* Fed. R. Civ. P. 12(d).

conclusion couched as a factual allegation," so a "formulaic recitation of the elements of a cause of action" is not enough. *Twombly*, 550 U.S. at 555 (citation omitted). Similarly, "conclusory allegations of law and unwarranted inferences" are also "insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Under Rule 12(b)(6), "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

## IV. ARGUMENT

Plaintiffs bring a claim for an alleged failure to fulfill tribal trust responsibilities. The Court should dismiss this claim for failure to state a claim under Rule 12(b)(6) because Plaintiffs have failed to identify a trust corpus or fiduciary duty owed in managing that corpus, nor have they identified a treaty, statute, or regulation that establishes a specific trust duty that the United States has violated or failed to perform.

### *A. Plaintiffs Have Not Identified any Trust Property or a Treaty, Statute, or Regulation Establishing a Specific Trust Duty that Federal Defendants Could Have Violated*

As an initial matter, the breach of trust claim fails because the Amended Complaint does not identify any trust corpus. Plaintiffs' claim bears no resemblance to a typical trust claim in which a tribe or individual tribe members alleges mismanagement of property or funds held in trust. *See, e.g.*, *Mitchell I*, 445 U.S. at 535; *Arizona*, 599 U.S. at 555. As the 9th Circuit stated in *Gros Ventre Tribe v. United States*, 469 F.3d 801, 811 (9th Cir. 2006), a tribal trust claim requires allegation of a trust corpus managed by the United States:

> We are not aware of any circuit or Supreme Court authority that extends a specific *Mitchell*-like duty to non-tribal resources. Indeed, as we recently stated in *Marceau*, the government does not bear complete fiduciary responsibility unless it has 'take[n] full control of a *tribally-owned* resource and manage[d] it to the exclusion of the tribe.'

(alterations in original) (quoting *Marceau v. Blackfeet Housing Auth.*, 455 F.3d 974, 984 (9th Cir. 2006)). Plaintiffs cannot allege a breach of trust without identifying a trust corpus and

fiduciary duties in managing that corpus imposed by statute, treaty, or regulation. *See Gros Ventre Tribe*, 469 F.3d at 811. They have not done so here, and so the Court should dismiss the tribal trust claim.

The Court should also dismiss Plaintiffs' tribal trust claim for failure to identify a treaty, statute, or regulation creating a trust duty. While there is "a general trust relationship between the United States and the Indian people[,]" that general trust relationship does not, by itself, create legally enforceable obligations for the United States. *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 176 (2011) (quoting *United States v. Mitchell* ("*Mitchell II*"), 463 U.S. 206, 225 (1983)). "[T]he trust obligations of the United States to the Indian tribes are established and governed by treaty, statute, or regulation, rather than by the common law of trusts." *Arizona v. Navajo Nation*, 599 U.S. 555, 564 n.1 (2023) (citing *Jicarilla*, 564 U.S. at 165, 177). Thus, to maintain a breach of trust claim, a tribal plaintiff "must establish, among other things, that the text of a treaty, statute, or regulation imposed certain duties on the United States." *Id.* at 555.

The Amended Complaint does not identify any specific, rights-creating statutory or regulatory duty. Plaintiffs rely on the NHPA and its implementing regulations as the basis for their breach of tribal trust claim, but these are insufficient to maintain their claim. Plaintiffs do not identify any trust language in the NHPA or its implementing regulations, much less any language that would establish even a bare or "limited trust relationship," *see United States v. Mitchell* ("*Mitchell I*"), 445 U.S. 535, 542 (1980). While the NHPA contemplates government-to-government consultation with tribes as part of an agency's decision-making process, that is not equivalent to placing a fiduciary duty on the United States to manage what is otherwise public land as trust property for the benefit of a tribe.

Further, any duties the Agencies had under the NHPA are defined by the text of the statute and its implementing regulations. The United States' general trust relationship with the Tribe does not add some additional gloss or "particular force" to those duties. Compl. ¶ 92. Here, where neither the NHPA nor any other source designates a trust relationship with the resources Plaintiffs identify, finding to the contrary would contradict the binding precedent discussed above holding that the United States' trust obligations "are established and governed by treaty,

statute, or regulation, rather than by the common law of trusts." *Arizona*, 599 U.S. at 564 n.1 (citing *Jicarilla*, 564 U.S. at 165, 177). Whether viewed as failing to state a trust claim or simply duplicating Plaintiffs' already-pleaded NHPA claim, Plaintiffs' breach of trust claim should be dismissed.

## V. CONCLUSION

The first fatal flaw for count two of Plaintiffs' amended complaint is that they fail to identify any trust corpus and any specific fiduciary duty the United States allegedly owed in managing any trust corpus. Their second flaw is that they fail to identify the text of a specific treaty, statute, or regulation that creates a specific tribal trust claim. The NHPA creates no specific tribal trust obligation to Plaintiffs. The Court should dismiss count two of Plaintiffs' complaint for failure to state a claim.

Dated: November 20, 2026 Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division

/s/ Young Kang
YOUNG KANG
*Trial Attorney*
U.S. Department of Justice
Energy & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 322-8378
Facsimile: (202) 305-0275
Email: young.kang@usdoj.gov

*Counsel for the Defendants*